UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)                                          CIVIL ACTION

VERSUS

JAMES LeBLANC                                                   NO. 13-0641-JJB-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se Petitioner, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, complaining that his constitutional right to due process has been violated in connection with prison disciplinary charges levied against him between 2000 and 2010, which charges have allegedly resulted in the forfeiture of excessive amounts of good time credits which he had earned toward early release.  The Petitioner asserts that the regulations and prison rulebook promulgated by the State of Louisiana, through the Department of Public Safety and Corrections ("DOC") in implementation of La. R.S. 15:571.4 – which statute authorizes prison officials to deprive inmates of good time credits for the commission of prison rule violations – are impermissibly ambiguous and vague because they have not limited the potential deprivation of good time credits to "earned" good time.  Accordingly, the Petitioner asserts that these regulations and rules are invalid on their face and could not be applied to deprive him of good time credits.  He prays for the restoration of over 4,000 days of good time credits which he asserts were allegedly improperly forfeited from him in reliance thereon between 2000 and 2010.

The Petitioner's application and attached exhibits reflect that he initially asserted the instant claim by submitting an administrative remedy proceeding ("ARP") to prison officials in

October, 2010, complaining that the provisions of the pertinent DOC regulation and prison rulebook relative to the forfeiture of good time credits had been erroneously promulgated because they were subject to interpretation as authorizing the forfeiture of both earned and un-earned good time. He asserted that, as a result, the regulation and rules were "null and void" and that he should be restored over 4,000 days of good time credits which had been forfeited from him between 2000 and 2010. Upon denial of the Petitioner's ARP by prison officials and thereafter by the Office of the Secretary of the Louisiana Department of Corrections, the Petitioner filed, on or about February 16, 2011, a Petition for Judicial Review in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, seeking review of this claim in the state court. On February 6, 2012, the state court Commissioner recommended denial of the Petitioner's claim and, on March 16, 2012, the state district judge approved the Commissioner's recommendation and dismissed the Petitioner's action. The Petitioner then sought further review before the state appellate courts in connection with that determination and, on March 26 and September 13, 2013, respectively, the state appellate courts rejected the Petitioner's claim. *See Poullard v. State*, 120 So.3d 696 (La. 2013).

Finally, on or about September 9, 2013, the Petitioner filed the instant federal habeas corpus application in this Court. Based upon a review of the Petitioner's contentions and the applicable law, the Court concludes that the Petitioner's claim is without merit.

<u>Legal Standard</u>

The standard of review in this Court for evaluation of the Petitioner's claim is that set forth in 28 U.S.C. § 2254. Specifically relevant is 28 U.S.C. § 2254(d)(1), which provides that an application for a writ of habeas corpus shall not be granted with respect to any claim that a

state court has adjudicated on the merits unless the adjudication has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination.  *See* 28 U.S.C. § 2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  Mere error by the state court or this Court's disagreement with the state court is not enough: The standard is one of objective reasonableness.  *Id.  See also Williams v. Taylor, supra*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable").  State court determinations of underlying factual issues are presumed correct, and the Petitioner has the burden to rebut the presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

      The Court finds that, applying this standard to the Petitioner's claims, there is no basis for the granting of habeas relief.

Discussion

      A brief history of the pertinent Louisiana statute, La. R.S. 15:571.4, and the regulations and prison rulebook provisions promulgated to implement it, is in order.  Prior to amendment in

3

1995, the referenced statute provided that prison inmates were subject to a potential forfeiture of up to thirty (30) days of good time credits for each serious disciplinary violation committed by them. In 1995, the statute was amended by the Louisiana legislature so as to allow for a potential forfeiture of up to 180 days of good time credits for each such violation. The amended statute further provided, in Subsection C thereof, that the Louisiana Department of Corrections *shall*, in accordance with the Louisiana Administrative Procedure Act, La. R.S. 49:950, *et seq.*, "promulgate and adopt rules and regulations for the forfeiture of good time," and the statute also provided that, "[g]ood time which has been earned by inmates ... shall not be forfeited except as provided in Subsection C."

Notwithstanding the requirement that appropriate rules and regulations be promulgated, the Louisiana Department of Corrections failed to properly do so, and the prison rulebook continued to provide only for a potential forfeiture of up to 30 days of good time credits per rule violation. *See Washington v. Louisiana State Penitentiary*, 740 So.2d 761, 765 (La. App. 1st Cir. 1999) (noting that the Department acknowledged "that the Rules were not amended to reflect the amendment of La. R.S. 15:571.4"). *See also Rivera v. State*, 727 So.2d 609, 613 (La. App. 1st Cir. 1998), *writ denied*, 740 So.2d 617 (1999) (concluding that the DOC failed to follow the provisions of the Louisiana Administrative Procedure Act, as required by La. R.S. 15:571.4C, and to properly promulgate effective rules and regulations relative to the enhanced penalty). As a result, upon the assertion of a challenge by an inmate to an imposed forfeiture of 180 days of good time credits in 1996, the state appellate court, in *Rivera v. State, supra*, concluded that this failure mandated a conclusion that the enhanced 180-day penalty authorized by La. R.S. 15:571.4 had not been properly implemented and that the petitioner in *Rivera* was therefore

entitled to restoration of forfeited good time credits in excess of the 30-day limitation. According to the Petitioner in the instant case, in response to the *Rivera* decision, the Department acted to restore to him and to other inmates all good time credits previously forfeited from them in excess of the 30-day limitation. *See* Rec. Doc. 1-2 at p. 8. Also according to the Petitioner, the Louisiana Department of Corrections then acted to promulgate, in 1999, a new regulation and an amendment to the prison rulebook so as to properly implement the enhanced penalty under the referenced statute.

As promulgated in 1999, the pertinent Department regulation and the prison rulebook then provided that, for serious rule violations, inmates were subject to a potential forfeiture of good time credits "up to a maximum of 180 days for each violation," and the Petitioner contends in this case that it was pursuant to this regulatory language that he was subjected to a deprivation of over 4,000 days of good time credits between 2000 and 2010. The Petitioner further contends that such deprivation was improper because the language in the regulation and rulebook was deficiently vague and ambiguous, specifically because it did not adequately delineate whether the good time credits subject to forfeiture were limited to those credits which had previously been earned and accumulated by the inmate or whether they could also include good time credits which had not yet been earned. Specifically, the Petitioner argues that, in the absence of such delineation, the language impermissibly allowed for the potential forfeiture – which has since been determined to be improper – of good time credits which had not yet been earned. In support of this contention, the Petitioner points to the decision of the Louisiana First Circuit Court of Appeal in *Cao v. Stalder*, 915 So.2d 851 (La. App. 1st Cir. 2005), which decision interpreted the legislative intent of La. R.S. 15:571.4 and concluded that only earned good time

credits were subject to forfeiture under the statute. According to the Petitioner's interpretation, the *Cao* decision effectively nullified the 1999 promulgated regulation and amended rulebook *in toto* and, in the absence of a re-promulgation of the regulation and rulebook to include a specific limitation to *earned* good time, the penalty provisions promulgated in 1999 were invalid, and the good time credits forfeited from him should be restored. As discussed hereafter, however, the petitioner's interpretation of the *Cao* decision is in error. Specifically, the state court in *Cao* did not nullify the regulations and rulebook as they related to the enhanced 180-day penalty; the *Cao* court merely concluded that such penalty could only be imposed upon earned good time credits, and the court remanded the matter to the district court "to ensure that the forfeiture imposed ... encompassed only the forfeiture of good time that Cao had earned ... and not any prospective good time." *Cao v. Stalder, supra*, 915 So.2d at 858. Thus, the *Cao* court upheld the application of the enhanced penalties with the stated limitation.

Initially, before addressing the substantive basis of the Petitioner claim, the Court finds that the claim is not properly before the Court. Specifically, the Court finds that the Petitioner lacks standing to complain regarding any alleged ambiguity or vagueness in the regulation and rulebook provisions promulgated in 1999 and relied upon by the State for the implementation of the enhanced penalty provided in La. R.S. 15:574.1 during the pertinent time period.[1] In this

---

1. There is a one-year limitations period applicable to the assertion of federal habeas corpus claims, and this period runs from the finality of the pertinent conviction complained of. *See* 28 U.S.C. § 2244((d)(1). Inasmuch as the Petitioner complains in this case of the deprivation of over 4,000 days of earned good time credits based on disciplinary charges and sentences issued over a 10-year period, it is clear that his claim relative to many of the referenced disciplinary convictions is time-barred. The Court, however, need not address this issue in light of its conclusion that the Petitioner's claim is otherwise not properly before the Court.

regard, it appears that the Petitioner is launching a facial attack upon the referenced regulation and rules because he challenges their validity, as written without the inclusion of the clarifying word "earned," which word he asserts is necessary to make clear that the potential forfeiture of good time credits thereunder is limited to the forfeiture of earned good time.  A Petitioner raising a facial challenge to a statute or regulation, however, bears a heavy burden because a facial challenge is "the most difficult challenge to mount successfully." *United States v. Robinson*, 119 F.3d 1205, 1213 (5th Cir. 1997), *citing Webster v. Reproductive Health Services*, 492 U.S. 490, 524 (1989) (O'Connor, J., concurring).  A facial challenge will succeed only where a Petitioner can show that there is no set of circumstances under which the rule or regulation will be valid. *United States v. Salerno*, 481 U.S. 739, 745 (1987).  A mere possibility that a rule or regulation "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Webster v. Reproductive Health Services, supra*, 492 U.S. at 524. Thus, if a provision may be found to operate constitutionally in one case, a facial challenge must necessarily fail. *See United States v. Robinson, supra*, 119 F.3d at 1214.  In addition to the foregoing, whether an attack upon a rule or regulation is facial or is based on an as-applied analysis, a Petitioner must nonetheless still have standing to assert the arguments which he makes. *See United States v. Santana*, 584 F.Supp.2d 941, 946 (W.D. Tex. 2008).  To have standing, (1) a Petitioner "must have suffered an 'injury in fact,'" *i.e.,* an injury which is both concrete and particular to him; (2) there must be a causal connection between the "injury in fact" and the conduct complained of; and (3) a successful resolution of the litigation will likely, not speculatively, result in a redress of the injury.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  The burden of establishing these three elements falls squarely upon the Petitioner.

*Id.* at 561.

Based upon the foregoing, the Court concludes that the Petitioner has failed to meet his burden of establishing that he has standing to challenge the regulation and rules utilized to implement La. R.S. 15:571.4. Although he complains that the referenced provisions, because of their ambiguity and vagueness in failing to specify that they apply only to a potential forfeiture of *earned* good time credits, and because the provisions thus allow for the possibility of an improper forfeiture of unearned good time credits, he has failed to allege that the forfeiture of his particular good time credits between 2000 and 2010 was anything other than a forfeiture of earned good time. This is pointed out in the Report of the state court Commissioner, who explicitly notes that the Petitioner "does not contend or show that he forfeited any unearned good time," *see* Rec. Doc. 1-2 at p. 14. The Petitioner does not refute the Commissioner's assertion in this regard or present any evidence or exhibits to the contrary. In fact, the Petitioner appears to concede this point in the instant lawsuit because he only makes specific reference herein to the forfeiture of his "earned" good time credits. *See* Rec. Doc. 1-1 at pp. 2 and 10. Thus, the Petitioner has not alleged or shown that the asserted ambiguity and vagueness in the referenced provisions has resulted in a violation in fact of the penalty provision of La. R.S. 15:571.4 or has resulted in a deprivation of *un*earned good time credits in violation of state law as interpreted by *Cao v. Stalder, supra*. The referenced ambiguity, therefore, has not been shown to have caused the Petitioner any concrete or particularized injury because such injury could only be shown if, because of the referenced ambiguity, the Petitioner were found to have improperly forfeited *un*earned good time credits, which he has not alleged. And finally, because the regulations and rules have been applied to him in a manner consistent with state law, his facial challenge must

necessarily fail because, as noted above, if the provisions operate constitutionally in one case, as they apparently have with the Petitioner through the forfeiture of only *earned* good time, the facial challenge must necessarily fail.  *See United States v. Robinson, supra*, 119 F.3d at 1214.  *See also Barnes v. Mississippi*, 992 F.2d 1335, 1342 (5th Cir. 1993) (noting that a facial challenge which was based, in part, on a contention that a promulgated rule was different from the statute which it implemented could not succeed where the statute itself was constitutional, and that the Petitioners would be limited to an as-applied challenge in the event that a state court applied the rule in an unconstitutional manner).  Accordingly, the Petitioner has failed to show that he has standing in this case to make the asserted claim, and his application should be dismissed for this reason.

Further, in the alternative, much of the Petitioner's argument before this Court relates to the alleged failure of state officials to promulgate appropriate regulations or rules that, according to the Petitioner, make clear that the forfeiture provisions of La. R.S. 15:571.4 are limited to the potential forfeiture of earned good time credits.  However, to the extent that the Petitioner contends that the failure to properly promulgate the implementing regulations and rules amounts to a violation of his constitutional right to due process, this claim is without merit.  Specifically, the obligation of state officials to promulgate rules and regulations in accordance with the Louisiana Administrative Procedure Act is a procedural requirement solely of state law.  *See Marshall v. Lynn*, 3 F.3d 440 (5th Cir. 1993); *Martin v. Blackburn*, 581 F.2d 94 (5th Cir. 1978) (holding that a "claim that state officials have failed to follow the procedural provisions of state law, without more, does not aver a cause of action").  Specifically, there is no federal authority holding that such promulgation is a requirement of federal due process, and even the

Administrative Procedure Act itself does not purport to limit the substantive content of any state regulation or rule. It merely prescribes the manner by which agencies with rule-making authority are directed to go about the rule-making process under state law. Without a state-created substantive limitation on the rule-making authority, therefore, the Act cannot be seen to create a protected liberty interest. *See Marshall v. Lynn, supra*, 4 F.3d at *1 (noting that the "[t]he Louisiana Administrative Procedures Act does not create a liberty interest in the promulgation of prison rules in accordance with state law"). Accordingly, the state court's rejection of the Petitioner's claim relative to the alleged failure to promulgate or re-promulgate the referenced regulation and rule was not contrary to, and did not involve, an unreasonable application of clearly established Federal law, and his claim should be dismissed for this reason as well.

## Certificate of Appealability

Pursuant to statute, an appeal may not be taken to the federal court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the Petitioner has not yet filed a Notice of Appeal, this Court may nonetheless address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to

proceed further." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the district court's ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the Petitioner's application for habeas corpus relief be dismissed.  It is further recommended that in the event that the Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on March 26, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)   CIVIL ACTION

VERSUS

JAMES LeBLANC   NO. 13-0641-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 26, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE